**Dorothy CLARK, Appellant,**

v.

**UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON et al., Appellees.**

No. 11–95–254–CV.

Court of Appeals of Texas, Eastland.

March 28, 1996.

Rehearing Overruled April 25, 1996.

Bruce A. Coane, Coane & Associates, Houston, Joyce Keating, Coane & Associates, Houston, for appellant.

Steve Snelson, Assistant Attorney General, Austin, for appellees.

Before ARNOT, C.J., DICKENSON, J., and McCLOUD, S.J.*

DICKENSON, Justice.

Dorothy Clark is a former employee who was fired after she returned to work after filing a workers' compensation claim. She sued her employer, the University of Texas Health Science Center at Houston, and two of its officials.[1] They moved for summary judgment, urging that Clark's claims[2] were barred by sovereign immunity. The trial court rendered summary judgment that Clark take nothing, and she appeals. We affirm as to the employer and its president, but we reverse and remand as to the claim of intentional infliction of emotional distress by Dean Beasley.

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. Those officials are R. Palmer Beasley, M.D., Dean of the School of Public Health, and M. David Low, M.D., President of the University of Texas Health Science Center at Houston.

## Points of Error

Appellant argues in five points of error that the district court erred in granting the motion for summary judgment because:

[Point One]   [T]he state has waived immunity in the Retaliatory Discharge Act which prohibits all persons from discriminating against an employee that files a workers' compensation claim;

[Point Two]   The Texas Tort Claims Act notice provision does not apply to the Retaliatory Discharge Act, but even if it did, Defendants were provided with notice and had actual knowledge of the wrongful conduct;

[Point Three]   [T]here is no rational relation to any legitimate state interest in the State's disparate treatment of Plaintiff who, as an employee of the University of Texas System, is purportedly not permitted to sue the University of Texas Health Science Center School of Public Health for retaliatory discharge although all other state and private employees are statutorily protected from that form of discrimination;

[Point Four]   [I]t is a substantive and procedural violation of due process of law under the Texas and United States Constitutions to wrongfully terminate Clark and deny her claim for retaliatory discharge based on an arbitrary and/or unreasonable exclusion and without notice or hearing; and

[Point Five]   [T]here are material issues of fact concerning whether [Dean] Beasley, in his official and/or unofficial capacity, intentionally inflicted emotional distress against Clark.

We overrule Points of Error Nos. 1, 3, and 4, but we sustain in part Point of Error No. 5.[3]

### Summary Judgment Proof

We have reviewed the pleadings and the summary judgment proof under the well-

---

2. Her lawsuit asserted claims for wrongful discharge and for intentional infliction of emotional distress.

3. Point of Error No. 2 is overruled as moot because of our ruling on Point of Error No. 1.

established standards discussed in *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546 at 548 (Tex.1985).

■ This requires us to assume that all of the non-movant's summary judgment proof is true, to indulge every reasonable inference in favor of the non-movant, and to resolve all doubts in favor of the non-movant. The affidavit which was attached to the non-movant's response to the motion for summary judgment states:

> On November 14, 1991, Dr. Beasley ... asked me to follow him to a conference room where [other management level employees] were present.... I was employed as Senior Executive Assistant to Dr. Beasley.

> Dr. Beasley presented me with a memo ... which stated that I was being terminated.... I told them that the termination was not right or fair.

> Prior to my termination, in August, 1990, I injured my back at work and applied for unemployment compensation insurance. When I returned from a medical leave of absence, [Dr.] Beasley subjected me to overly critical and unwarranted performance reviews and criticism. He began to create a paper trail of inaccurate memoranda in order to force me to leave after I filed my workers compensation claim....

> I was emotionally harassed during my employment by Dr. Beasley. Some of his harassment included belittling comments, harsh and unwarranted criticism ... irrational outbursts, and erratic mood swings....

> Dr. Beasley admitted that he had an alcohol related problem....

> I told Toya Candelari, Director of Student Affairs, that I could no longer take Dr. Beasley's bizarre behavior and harassment any longer.... [Dr.] Beasley's conduct did not improve, it worsened, and I was subsequently terminated.

4. TEX.REV.CIV.STAT. 5154c, now codified as TEX.GOV'T CODE ANN. § 617.004 (Vernon

*Retaliatory Discharge—Immunity*

■ Appellant argues in her first point of error that the State has waived immunity in the "Retaliatory Discharge Act," citing TEX. REV.CIV.STAT. art. 8307c, now codified as TEX.LABOR CODE ANN. §§ 451.001, 451.002. and 451.003. (Vernon Pamph.1996).

Section 451.001 provides that a "person" may not discharge an employee because the employee has filed a workers' compensation claim in good faith. Section 451.002 provides for reasonable damages and reinstatement in the former position of employment. Section 451.003 authorizes district courts to restrain violations of Section 451.001.

Appellees respond that the State has not waived its immunity from suits under Section 451.001. Appellees cite *Bagg v. University of Texas Medical Branch at Galveston,* 726 S.W.2d 582 at 584 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.), a case involving claims under the "Right to Work" Statute [4] where the court said:

> We hold the trial court properly dismissed appellant's action against UTMB. UTMB is clearly a state agency entitled to the same sovereign immunity enjoyed by the State of Texas. The Medical Branch is part of the University of Texas System. *Branches of the University of Texas and other state universities have been held to be agencies of the State of Texas and to enjoy sovereign immunity.* (Citations omitted; Emphasis added)

The University of Texas Health Science Center at Houston is under the management and control of the board of regents of The University of Texas System, and it enjoys sovereign immunity unless waiver of immunity is shown.

The Supreme Court of Texas discussed sovereign immunity in *Duhart v. State,* 610 S.W.2d 740 at 741–742 (Tex.1980):

> In *Lowe v. Texas Tech University,* 540 S.W.2d 297 (Tex.1976), this Court reaffirmed the rule that the State is not liable for torts of its officers or agents in the absence of a constitutional or statutory provi-

1994).

sion therefor. We there adhered to the rule that the *waiver of governmental immunity is a matter addressed to the Legislature.* Thus, the State is immune unless the Legislature has consented to such suits.

\*　\*　\*　\*　\*　\*

It is a well-established rule that for the Legislature to waive the State's sovereign immunity, it must do so by clear and unambiguous language. (Citations omitted; Emphasis added)

See also *City of LaPorte v. Barfield,* 898 S.W.2d 288 at 291, 295 (Tex.1995).

TEX.LABOR CODE ANN. § 503.002 (Vernon Pamph.1996) waives the State's immunity for workers' compensation claims by employees of the University of Texas System as to certain provisions in the Texas Labor Code, but Sections 451.001, 451.002, and 451.003 are not included in the list of provisions to which immunity is waived.[5] Consequently, the University of Texas System remains immune from suit for discharging an employee because the employee filed a workers' compensation claim.

The first point of error is overruled.

### Notice

■ The second point of error is overruled as moot. Even if appellant gave timely notice of her claim, as noted in our discussion of Point of Error No. 1, the employer has sovereign immunity from a suit alleging that appellant was discharged from her job because she filed a workers' compensation claim in good faith.

### Disparate Treatment—Equal Protection of Law Arbitrary Discharge—Without Notice or Hearing

■ The third and fourth points of error are overruled. The legislature has the power to waive sovereign immunity or not to waive sovereign immunity for agencies of the State. Even though the legislature has waived immunity for suits under Section 451.001 for some state employees and not for others, this does not violate the equal protection of law

provisions of the U.S. CONST., amend. XIV or TEXAS CONST., art. I, § 3.

The supreme court recently stated in Federal Express *Corporation v. Dutschmann,* 846 S.W.2d 282 at 283 (Tex.1993):

The long-standing rule in Texas provides for employment at will, terminable at any time by either party, with or without cause, absent an express agreement to the contrary.

Appellant does not identify any express agreement or statute which protects her from being discharged without a hearing. Appellant's complaint should be addressed to the legislature. *City of LaPorte v. Barfield,* supra; *Duhart v. State,* supra.

### Dean Beasley

■ The fifth point of error is sustained in part. There is a disputed issue of material fact as to whether Dean Beasley in his "unofficial capacity, intentionally inflicted emotional distress against Clark." The situation is similar to *Bagg v. University of Texas Medical Branch at Galveston,* supra at 586, where the court said:

We agree with appellees that, to the extent [they] were acting in an official capacity when they discharged appellant, they enjoy the same governmental immunity as does UTMB. However, appellant's petition states he sues [them] in *both their official and individual capacities and alleges some actions that could not have been within the scope of their official duties....* Official immunity only shields persons from suits complaining of official acts. Persons can still be sued in their individual capacities for wrongful unofficial acts.... The court erred in dismissing all of appellant's state claim actions based on official immunity without regard to whether some of those claims could be maintained against appellees in their individual capacities. (Citations omitted; Emphasis added)

Appellant's amended pleading makes these allegations which were not addressed by the motion for summary judgment:

---

5. See TEX.REV.CIV.STAT. art. 8309d, § 7 for the law before it was codified in 1993.

Throughout the course of Clark's employment with the University of Texas School of Public Health, Beasley subjected Clark to severe emotional harassment, and much of this was related to Beasley's alcohol abuse. Beasley's erratic and offensive conduct was taken out on Clark who was required to maintain the Dean's office as his senior executive assistant. The emotional abuse included, but is not limited to, irrational outbursts, false accusations, and erratic mood swings, directed against Clark.

\*     \*     \*     \*     \*     \*

Defendants intentionally and/or recklessly caused Plaintiff severe emotional distress as a result of the aforementioned outrageous acts.

There are no special exceptions to these very general allegations of offensive conduct and outrageous acts. The only summary judgment proof supporting appellees' motion for summary judgment is one affidavit from a lawyer who is employed in the Office of Legal Affairs at the University of Texas Health Science Center at Houston. This affidavit states that the lawyer made a complete and thorough search of all appropriate files and records, made inquiries of the appropriate offices and individuals, and found no record that any tort claim notice had ever been received from or on behalf of Clark prior to the service of citation in this case.

If a jury believes that Dean Beasley intentionally subjected appellant to severe emotional harassment by making irrational outbursts and false accusations, his "official immunity" will not shield him from liability in his individual capacity for wrongful unofficial acts. *Bagg v. University of Texas Medical Branch at Galveston,* supra.

### This Court's Ruling

The trial court's summary judgment is affirmed insofar as it orders that Dorothy Clark take nothing on her claims against the University of Texas Health Science Center at Houston and its president, M. David Low, M.D.

The trial court's summary judgment is reversed insofar as it orders that Dorothy Clark take nothing on her claim against R. Palmer Beasley, M.D., in his individual capacity, for the intentional infliction of emotional distress. That cause is remanded to the trial court.