In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-155 CV


____________________



ROGER EUGENE GRESHAM, Appellant



V.



UNIVERSITY OF TEXAS MEDICAL BRANCH, Appellee






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-168,843






MEMORANDUM OPINION (1)


 This case arises from the trial court's dismissal of appellant Roger Eugene
Gresham's negligence lawsuit against the University of Texas Medical Branch ("UTMB").
We will affirm.

 Gresham, an inmate at the Federal Correction Complex, Beaumont, Texas,
maintained he was injured because UTMB failed to screen a fellow inmate for infectious
diseases before the fellow inmate was placed into the general prison population. Gresham
subsequently contracted tuberculosis, allegedly from his fellow inmate. 

 Gresham brought suit against UTMB pursuant to 42 U.S.C. §§ 1983 and 1985. 
UTMB removed the suit to federal court and moved to dismiss the suit for failure to state
a claim upon which relief could be granted. Adopting the magistrate's report and
recommendations, the federal district court dismissed Gresham's claims against UTMB. 
However, the federal court refused to exercise its supplemental jurisdiction and remanded
Gresham's cause to state court. In its memorandum order, the federal district court noted
Gresham's complaint asserted he had been deprived of his civil rights under color of state
law and further contended UTMB had been deliberately indifferent and negligent. The
federal district court stated: " Liberally construed, plaintiff's complaint is interpreted to
assert a state law claim for negligence against the defendant." 

 After remand to state court, UTMB filed a plea to the jurisdiction asserting its
sovereign immunity. The trial court granted the jurisdictional plea and dismissed
Gresham's suit in its entirety. 

 On appeal, Gresham maintains the trial court erred in dismissing his suit. Gresham
asserts UTMB is not a state agency and thus is not protected by the sovereign immunity
doctrine. Gresham argues sovereign immunity does not apply because the Texas Supreme
Court has never found UTMB to be a state agency; UTMB has the power to sue and be
sued; UTMB does not perform an essential government function; UTMB has the power
to own property in its own name; and UTMB has corporate status. 

 Absent subject matter jurisdiction, a court lacks authority to decide a case. Tex.
Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). "Sovereign
immunity from suit defeats a trial court's subject matter jurisdiction. . . ." Tex. Dept. of
Parks and Wildlife v. Miranda, 133 S.W.3d 217, 225-26 (Tex. 2004)(citations omitted). 
"A unit of state government is immune from suit and liability unless the state consents. 
In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the
court's jurisdiction by alleging a valid waiver of immunity." Dallas Area Rapid Transit
v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003)(citations omitted).

 Gresham questions whether UTMB is a state agency entitled to the protection from
suit afforded by sovereign immunity. The answer is yes.

 UTMB is a part of the University of Texas system. See Tex. Educ. Code Ann.§§
65.02(a)(8), 74.001 (Vernon 2002). A branch of the University of Texas system is a state
agency, and thus, it is also protected by sovereign immunity. See Clark v. University of
Tex. Health Science Ctr. at Houston, 919 S.W.2d 185, 187 (Tex. App.- Eastland
1996,writ denied)(citation omitted); see Whitehead v. University of Tex. Health Science
Ctr. at San Antonio, 854 S.W.2d 175, 180 (Tex. App.- San Antonio 1993, no
writ)(citation omitted). 

 Gresham alleges negligence in his cause of action against UTMB. The Texas Tort
Claims Act provides for a limited waiver of sovereign immunity in negligence cases. See
Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). (2)
 However, Gresham's
negligence allegations relate to UTMB's screening procedures and are claims for actions
that have not been waived by the State under the Tort Claims Act. See id.; see Tex. Dept.
of Transp. v. Able, 35 S.W.3d 608, 611 (Tex. 2000). Gresham also does not allege that
any other waiver of immunity applies. Gresham, just as any plaintiff suing a governmental
unit, "must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver
of immunity." See Whitley, 104 S.W.3d at 542 (Tex.2003). 

 The trial court did not err in granting UTMB's plea to the jurisdiction and
dismissing Gresham's case in its entirety. We overrule Gresham's issue and affirm the
trial court's order dismissing Gresham's suit.

 AFFIRMED.


 ___________________________

 HOLLIS HORTON

 Justice



Submitted on January 25, 2005

Opinion Delivered February 3, 2005

Before McKeithen, C.J., Kreger and Horton, JJ.



1. Tex. R. App. P. 47.4.
2. A governmental unit in the state is liable for:


 (1) property damage, personal injury, and death proximately caused
by the wrongful act or omission or the negligence of an employee acting
within his scope of employment if:

 (A) the property damage, personal injury, or death arises from the
operation or use of a motor-driven vehicle or motor-driven equipment; and

 (B) the employee would be personally liable to the claimant according
to Texas law; and

 (2) personal injury and death so caused by a condition or use of
tangible personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law. 


Tex. Civ. Prac.& Rem. Code Ann. § 101.021 (Vernon 1997).