Syed AHMED, Appellant,

v.

METROPOLITAN TRANSIT AUTHORITY, Appellee.

No. 14–07–00739–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 20, 2008.

Jamal A. Asafi, Houston, for appellant.

Paul Stephen Radich, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and BOYCE.

## OPINION

ADELE HEDGES, Chief Justice.

Appellant, Syed Ahmed, brought an inverse condemnation lawsuit against appellee, Metropolitan Transit Authority ("METRO"), for damages allegedly caused by METRO's improvements on a drainage ditch. The trial court granted METRO's plea to the jurisdiction and dismissed the case. In his sole issue, appellant contends that the trial court erred in granting the plea to the jurisdiction because it had subject matter jurisdiction over his inverse condemnation claim. We reverse and remand.

## BACKGROUND

The property made the basis of this inverse condemnation case is a .68756–acre tract of undeveloped land in northwest

Houston (the "Property"). The Property is a portion of a larger tract of land that was originally owned by the Sommermeyer family. On August 30, 1955, the Sommermeyer family conveyed a 30–foot–wide easement to the Harris County Flood Control District (the "District") for drainage and flood control on a drainage ditch extending across the Property and other properties in northwest Houston.[1] Only a 15–foot–wide portion of the Property is included within the 30–foot easement. On April 19, 1979, the District obtained a 100–foot–wide easement covering portions of properties traversed by the 30–foot easement, including the Property, for drainage and flood control on the drainage ditch and unit E117–07–00. Only a 50–foot–wide portion of the Property is included within the 100–foot easement. The two easements are used to maintain the drainage ditch and unit E117–07–00.

In 1991, METRO began developing plans to widen Gessner Road from Tanner Road to Hempstead Highway (the "Gessner Project"), requiring that the drainage ditch, traversing the Property and adjacent properties, be expanded. The District decided that unit E117–07–00 would receive the increased storm-water runoff expected to result from the Gessner Project and contracted with METRO to finance and oversee the expansion and improvements on the drainage ditch. METRO contracted with a third party to perform the drainage work. In 2005, Harris County foreclosed the Property for nonpayment of property taxes and sold it to appellant in an auction in 2006. Three months after appellant acquired the Property, METRO's subcontractors entered the Property and adjacent tracts of land to begin work on the drainage ditch. They constructed a new detention pond,

improved the drainage ditch, and performed other drainage-related work. During the improvements, appellant notified METRO on a number of occasions that it was trespassing on the Property. METRO continued the improvements and completed the drainage work in January 2007.

Thereafter, appellant filed suit against METRO alleging inverse condemnation under the Texas Constitution. Specifically, appellant claimed that METRO, acting outside the scope of the easements, condemned the Property by expanding the drainage ditch. METRO filed a plea to the jurisdiction contending that the trial court lacked subject matter jurisdiction over appellant's inverse condemnation claim. METRO alleged that because it acted within the scope of the two easements, appellant could not establish an intentional taking. The trial court granted METRO's plea to the jurisdiction, and appellant filed the instant appeal. In his sole issue, appellant argues that the trial court erred in dismissing his lawsuit because it had jurisdiction over his inverse condemnation claim.

### STANDARD OF REVIEW

A plea to the jurisdiction challenges the court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *Tex. Nat'l Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002); *Alobaidi v. Univ. of Tex. Health Science Ctr. at Houston,* 243 S.W.3d 741, 744 (Tex. App.-Houston [14th Dist.] 2007, pet. denied). A plea to the jurisdiction can make two types of challenges: to the pleadings or to the existence of jurisdictional facts.

---

**1.** The conveyance also provided that the District would maintain a drainage ditch system on the Property referred to as unit E117–07–00.

*See Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226–28 (Tex. 2004); *State v. Lueck*, 212 S.W.3d 630, 635 (Tex.App.-Austin 2006, pet. filed).

■ When a plea to the jurisdiction challenges the sufficiency of the plaintiff's pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *City of Carrollton v. Singer*, 232 S.W.3d 790, 795 (Tex.App.-Fort Worth 2007, pet. denied). If the pleadings do not allege sufficient facts to affirmatively establish the trial court's jurisdiction, but also do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency. Under these circumstances, plaintiff should be afforded the opportunity to amend. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.*

■ When a plea to the jurisdiction challenges the existence of jurisdictional facts, as in the instant case, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Miranda*, 133 S.W.3d at 227; *see also Bland*, 34 S.W.3d at 555. In a case in which the jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, we review the relevant evidence to determine if a fact issue exists. *Miranda*, 133 S.W.3d at 227. If the evidence creates a fact question re-

garding the jurisdictional issue, we cannot affirm dismissal based upon the plea to the jurisdiction, and the fact issue must be resolved by the fact finder. *Id.* at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the plea to the jurisdiction should be granted as a matter of law. *Id.* at 228. When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the nonmovant. *Id.*

## ANALYSIS

■ Article I, section 17 of the Texas Constitution waives immunity from suit and liability in inverse condemnation cases and authorizes compensation for such constitutional taking. *See* TEX. CONST. art. I, § 17; *Gen. Servs. Comm'n v. Little–Tex Insulation Co., Inc.*, 39 S.W.3d 591, 598 (Tex.2001). To state a cause of action for inverse condemnation under the Texas Constitution, a plaintiff must allege (1) a governmental unit performed an intentional act (2) that resulted in his property being taken, damaged, or destroyed (3) for public use. *Little–Tex*, 39 S.W.3d at 598.

METRO's plea to the jurisdiction challenges the existence of jurisdictional facts, not the sufficiency of appellant's pleadings.[2] In its plea, METRO disputes the facts underlying appellant's inverse condemnation claim; specifically, METRO disputes that: (1) METRO engaged in an intentional act; and (2) the intentional act resulted in a taking of the Property. METRO submitted evidence showing that: (1) the drainage work was authorized by statute; (2) a portion of the drainage work

---

**2.** It is undisputed that appellant's allegations are sufficient to support subject matter juris-   diction.

was supported by easement rights; (3) the drainage work did not result in an entire taking of appellant's property; and (4) METRO did not act with the requisite intent. In response, appellant filed an affidavit contending that METRO exceeded the scope of the 30–foot easement and was not authorized to perform the drainage work.

The evidence before us raises a fact issue as to whether the drainage work was supported by easement rights and whether METRO acted within the scope of the easement. These issues ultimately determine whether appellant will succeed on the merits of his claim and recover damages. Relying on *Miranda,* METRO invites us to review the evidence and resolve these fact issues in METRO's favor. We decline METRO's invitation. *Miranda* allows dismissal on a plea to the jurisdiction only when the jurisdictional evidence is undisputed and fails to raise a fact issue. *See Miranda,* 133 S.W.3d at 227–28. Because there is disputed evidence in this case creating fact issues regarding the easement rights, METRO's intent, and the existence of a taking, METRO's contentions here extend beyond the parameters of what a trial court (or an appellate court) is allowed to resolve under *Miranda.* *Id.* (stating that resolution of disputed jurisdictional facts implicating the merits of a claim or defense is reserved for the fact finder); *compare Lueck,* 212 S.W.3d at 637 (stating that facts on liability were not necessarily relevant to jurisdictional inquiry and did not affect court's jurisdiction to hear the case). Therefore, dismissal on a plea to the jurisdiction is not proper in this case.

METRO also relies on a line of cases to support its proposition that a plea to the jurisdiction can be used to dismiss a case on the merits. *See City of Del Rio v. Felton,* No. 04–06–00091–CV, 2007 WL 247655 (Tex.App.-San Antonio Jan. 31, 2007, no pet.) (mem. op.); *State v. Holland,* 221 S.W.3d 639 (Tex.2007); *City of Laredo v. Duarte,* No. 04–06–00226–CV, 2006 WL 1895482 (Tex.App.-San Antonio July 12, 2006, no pet.) (mem. op.); *Ahart v. Texas Dept. of Transp.,* No. 14–05–00027–CV, 2006 WL 2167223 (Tex.App.-Houston [14th Dist.] Aug. 1, 2006, pet. denied) (mem. op.); *City of Kemah v. Vela,* 149 S.W.3d 199 (Tex.App.-Houston [14th Dist.] 2004, pet. denied). These cases are distinguishable because they involve either a pleading sufficiency defect or involve undisputed evidence on the jurisdictional issues. *See Felton,* 2007 WL 247655, at *6 (holding that a plea to the jurisdiction was proper in challenging the pleadings, not jurisdictional facts, because pleadings alleged negligent conduct, rather than intentional conduct); *Holland,* 221 S.W.3d at 641, 643–44 (plea to the jurisdiction was warranted in a dispute over patent rights because an inverse condemnation claim is not the proper vehicle to assert patent rights); *Duarte,* 2006 WL 1895482, at *2 (plea to the jurisdiction was proper because there was undisputed evidence of easement rights); *Ahart,* 2006 WL 2167223, at *2–4 (plea to the jurisdiction was warranted in flood water impact case because such cases are reviewed differently due to the speculative nature of subsequent property damage, and the undisputed evidence failed to raise a fact issue); *Vela,* 149 S.W.3d at 203–205 (undisputed jurisdictional evidence warranted the granting of the plea to the jurisdiction).

Taking as true all evidence favorable to the nonmovant, we conclude that there is disputed jurisdictional evidence raising a fact issue as to whether METRO engaged in an intentional taking under article I, invoking subject matter jurisdiction over appellant's inverse condemnation claim. We sustain appellant's sole issue on ap-

peal. We reverse the trial court's judgment and remand for further proceedings.