**Affirmed and Memorandum Opinion filed April 10, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-01025-CV

### RALPH DOUGLAS, Appellant

### V.

### THE HONORABLE BRADY G. ELLIOTT, THOMAS R. CULVER, III, AND DANIEL R. SKLAR, Appellees

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-DCV-200383**

## MEMORANDUM OPINION

Ralph Douglas filed a pro se action against three judges in Fort Bend County. The trial court dismissed the suit for want of jurisdiction. The court also declared Douglas a vexatious litigant and entered an order requiring him to obtain permission before filing any other action in state court. Douglas challenges these rulings and others in seven issues on appeal. We affirm.

## BACKGROUND

Douglas is a twice-convicted felon currently serving a sentence of life imprisonment. From the isolation of his jail cell, Douglas has filed dozens of pro se lawsuits, appeals, and original proceedings. This particular case stems from events that transpired during two of Douglas's previous lawsuits.

### A.    The *Redmond* Litigation

In 2010, Douglas filed a lawsuit against Lori Redmond, an attorney who had previously represented him before the Texas Board of Pardons and Paroles. Douglas alleged that Redmond was liable to him for professional negligence because the Board had refused to grant him parole. Douglas moved for a traditional summary judgment, which the trial court denied after considering Redmond's response.

After the denial of his motion, Douglas moved the trial court to declare that Redmond had committed a fraud upon the court. Redmond filed another response, arguing that the motion was groundless, brought in bad faith, and made solely for the purpose of harassment. Redmond also filed a motion for sanctions. The presiding judge, the Honorable Brady G. Elliott, construed Redmond's motion for sanctions as a motion to declare Douglas a vexatious litigant under Chapter 11 of the Civil Practice and Remedies Code. Judge Elliott then entered a stay of the proceedings and ordered the parties to brief whether Douglas should be declared a vexatious litigant. After affording both parties an opportunity to respond, Judge Elliott declared Douglas a vexatious litigant and disposed of his action against Redmond. The record does not reflect that a prefiling order was entered against Douglas. We affirmed the trial court's rulings on direct appeal. *See Douglas v. Redmond*, No. 14-12-00259-CV, 2012 WL 5921200, at *8 (Tex. App.—Houston [14th Dist.] Nov. 27, 2012, pet. denied) (mem. op.).

2

## B. The *Elliott* Litigation

During the pendency of the *Redmond* appeal, Douglas filed a separate action against Judge Elliott in his official judicial capacity. Douglas alleged that Judge Elliott had violated the Texas Constitution by presiding over the *Redmond* litigation in a biased and unfair manner. The core of Douglas's complaint was that Judge Elliott had improperly construed Redmond's motion for sanctions as a motion to declare Douglas a vexatious litigant.

The lawsuit was assigned to the court of Fort Bend County Judge Thomas R. Culver, III. When Judge Elliott filed his original answer, Douglas moved to transfer venue, arguing that he could not receive a fair trial in Fort Bend County. Judge Culver never ruled on the venue motion.

Judge Elliott subsequently moved to dismiss the charges against him, arguing that he was immune from actions taken in his official judicial capacity. Judge Culver scheduled a live hearing on the motion to dismiss. Douglas requested to appear via telephone conference, but Judge Culver signed a bench warrant ordering his appearance in person. Douglas was transferred to the Fort Bend County courthouse and placed in a holdover cell. Minutes before his hearing was set to commence, Douglas was informed that Judge Culver was sick and that the hearing would have to be continued.

Visiting Judge Daniel R. Sklar presided over the next hearing in place of Judge Culver. Douglas filed objections to the motion to dismiss, and he also complained about the court's failure to rule on his motion to transfer venue. Judge Sklar granted the motion to dismiss and denied the venue motion. No other rulings were made on Douglas's objections. Douglas appealed again, and we affirmed the trial court's judgment. *See Douglas v. Elliott*, No. 14-12-00699-CV, 2013 WL

3

5883801, at *2 (Tex. App.—Houston [14th Dist.] Oct. 31, 2013, no pet. h.) (mem. op.).

### C. The Current Litigation

Douglas filed the current litigation against Judges Elliott, Culver, and Sklar, each in their official judicial capacity. Douglas asserted multiple complaints, generally alleging that the judges had acted in a manner that was either retaliatory or deliberately indifferent to his rights. Douglas complained about Judge Culver's signing of the bench warrant. Douglas claimed that because he was not given advance notice of the bench warrant, he was unable to bring all of his legal materials to court. He alleged that the bench warrant was "maliciously and intentionally done to deny [him] access to courts, and to [interrupt] and disrupt [his] life."

Douglas also alleged that Judge Sklar improperly ruled on motions and failed to rule on others. Douglas contends that Judge Sklar's "mind was made up before the hearing." Douglas further contends that Judge Elliott conspired with Judges Culver and Sklar to deprive him of his rights. Douglas alleges that the three judges have violated both the criminal law and the Code of Judicial Conduct. The triggering event for all of these complaints is Judge Elliott's ruling in the *Redmond* litigation.

Douglas filed a motion to transfer venue, asserting again that he could not receive a fair trial in Fort Bend County. The judges filed a motion to dismiss, asserting that they were immune for actions taken in their official capacity. The trial court granted the judges' motion in full and dismissed Douglas's action with prejudice. There was no ruling on the venue motion. The judges then moved to declare Douglas a vexatious litigant. The trial court granted the motion and entered a prefiling order applicable statewide. From these rulings, Douglas now appeals.

## ISSUES PRESENTED

Douglas raises seven issues. In issues one and two, Douglas argues that the trial court erred by granting the motion to dismiss for want of jurisdiction. In issues three and four, he argues that the trial court erred by failing to rule on his motion to transfer venue. In issues five through seven, he argues that the trial court abused its discretion by declaring him a vexatious litigant and issuing a prefiling order.

## MOTION TO DISMISS

The judges treated their motion to dismiss as a plea to the jurisdiction. A plea to the jurisdiction challenges the trial court's subject matter jurisdiction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject matter jurisdiction is a question of law that we review de novo. *See Tex. Nat'l Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Alobaidi v. Univ. of Tex. Health Sci. Ctr. at Houston*, 243 S.W.3d 741, 744 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). A plea to the jurisdiction can challenge either the sufficiency of the pleadings or the existence of jurisdictional facts. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–28 (Tex. 2004); *Ahmed v. Metro. Transit Auth.*, 257 S.W.3d 29, 31 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

When a plea to the jurisdiction challenges the sufficiency of the plaintiff's pleadings, as in this case, we determine whether the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *See Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and consider the plaintiff's intent. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). If the pleadings do not allege sufficient facts to affirmatively establish the trial court's jurisdiction, but also do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading

sufficiency. Under these circumstances, the plaintiff should be afforded an opportunity to amend. *See Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.*

Immunity from suit defeats a trial court's subject matter jurisdiction. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex. 1999) (per curiam). Judges acting in their official judicial capacity are immune from suit if their actions were performed within the scope of their jurisdiction. *See Twilligear v. Carrell*, 148 S.W.3d 502, 504 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (citing *Dallas Cnty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002)). Judicial immunity extends to all judicial actions, whether they are done in error, maliciously, or even in excess of the judge's authority. *Id.* Immunity is overcome only for actions that are nonjudicial—i.e., for actions not taken in the judge's official capacity or for actions taken in the complete absence of all jurisdiction. *Id.* Whether an act is judicial is determined by the nature of the act. *Id.* An act is judicial if it is a function normally performed by a judge, as contrasted with other administrative, legislative, or executive acts that simply happen to be done by judges. *Id.* at 504–05. Judicial acts include those performed by judges in adjudicating their cases or in exercising their judicial authority over proceedings pending in their courts. *Id.* at 505.

The judges in this case argue that they are entitled to immunity because their actions were judicial in nature. The pleadings affirmatively state judicial acts. Douglas sued Judge Culver for signing a bench warrant, and he sued Judge Sklar for disposing of his case. Both of these actions were taken to adjudicate and exercise authority over the proceedings. Douglas sued Judge Elliott for conspiring

6

with Judges Culver and Sklar to retaliate against him. This is merely a relabeled claim that Judge Elliott improperly ruled against him in the earlier litigation. Because all of the alleged actions are judicial in nature, we conclude that the judges are protected by judicial immunity. The trial court correctly dismissed Douglas's action for want of jurisdiction.

## VENUE

In issues three and four, Douglas argues that he was entitled to a change of venue. We briefly address why this complaint is without merit. First, as we just explained above, Douglas's pleadings affirmatively demonstrate that the defendant judges are protected by judicial immunity. Because judicial immunity deprives a court of subject matter jurisdiction, there is no other court in Texas to which Douglas's claims may have been transferred. Even if we were to assume that a court did have subject matter jurisdiction, Douglas, as the plaintiff below, elected to try his case in Fort Bend County when he filed his petition there. Douglas has cited no authority in support of his claim that a plaintiff may select another venue during the course of the proceedings. We conclude that this issue has been waived. *See* Tex. R. App. P. 38.1(i).

## VEXATIOUS LITIGANT

In his final three issues, Douglas challenges the trial court's determination that he is a vexatious litigant. Douglas contends that the judges' motion to declare him vexatious is "frivolous on its face."

The criteria for declaring a plaintiff a vexatious litigant are governed by statute. Two requirements must be satisfied. First, the court must determine that there is not a reasonable probability that the plaintiff will prevail in the litigation.

7

*See* Tex. Civ. Prac. & Rem. Code § 11.054. Second, one of three enumerated findings must be proved:

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been:

(A) finally determined adversely to the plaintiff;

(B) permitted to remain pending at least two years without having been brought to trial or hearing; or

(C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, in propria persona, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

*See* Act effective Sept. 1, 1997, 75th Leg., R.S., ch. 806, § 1, 1997 Tex. Gen. Laws 2634, 2635.[1]

The trial court's order does not recite any findings. It merely states that the court was of the opinion that Douglas should be declared a vexatious litigant. When the trial court does not specify the basis for its decision, we must affirm the

---

[1] The legislature amended Section 11.054 after Douglas filed this lawsuit. The amended version of the statute is substantially similar to its predecessor. The only difference is the substitution of the outdated "in propria persona" language with the more vernacular "pro se." *See* Act effective Sept. 1, 2013, 83d Leg., R.S., ch. 1224, § 3, 2013 Tex. Gen. Laws 3080, 3080–81.

order if it is correct on any legal theory supported by the record. *See Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 58 (Tex. App.—Houston [14th Dist.] 1993, no writ).

For reasons already discussed, the trial court could have determined that Douglas did not have a reasonable probability of prevailing against the defendant judges, who were all protected by judicial immunity. Thus, the first requirement under Section 11.054 is satisfied.

To satisfy the second requirement, the judges offered two separate exhibits. The first exhibit was an order from a Harris County court declaring Douglas a vexatious litigant in 2008. The order includes a prefiling order limited exclusively to Harris County. It also includes a list of nearly two dozen cases filed by Douglas which the court determined to be frivolous.

The second exhibit is the more recent order from Judge Elliott declaring Douglas a vexatious litigant in 2012. This order arose during the *Redmond* litigation, one of two predicate lawsuits forming the basis for this current litigation. This evidence supports a finding that Douglas "has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence." *See* Tex. Civ. Prac. & Rem. Code § 11.054(3). Accordingly, there is legally sufficient evidence to support the second requirement under Section 11.054. With both requirements satisfied, we conclude that the trial court did not err by declaring Douglas a vexatious litigant and issuing a prefiling order against him. *See id.* § 11.101 (court may issue prefiling order to a person adjudged a vexatious litigant).

Douglas raises a separate complaint that the evidence is factually insufficient to support the trial court's finding that he is a vexatious litigant. However, Douglas produced no evidence contrary to the finding, and he has not cited to any evidence

in his brief. Douglas has failed to show that the trial court's finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See* Tex. R. App. P. 38.1(i); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

## CONCLUSION

The judgment of the trial court is affirmed.


/s/    Tracy Christopher
Justice


Panel consists of Justices Boyce, Christopher, and Brown.