

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-15-00419-CV

**LAUREN MCPHERSON AND CHRIS LANGSTON,**

                                                            **Appellants**

 **v.**

**MATT WYLIE, INDIVIDUALLY AND AS
NEXT FRIEND OF H.W., A MINOR,**

                                                             **Appellee**


_____

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 52540

_____

## MEMORANDUM OPINION

_____

In this accelerated appeal, Lauren McPherson and Chris Langston appeal the trial

court's interlocutory order denying their plea to the jurisdiction. We will affirm.

### Background

Matt Wylie, individually and as next friend of his daughter H.W., a minor, sued

McPherson and Langston (Appellants), alleging that H.W. sustained injuries as a result

of Appellants' negligence. Wylie's original petition provided the following factual

background:  On June 18, 2013, H.W. attended a "summer athletic program" being held in Blum ISD's "old gym," but the program was not part of Blum ISD's curriculum. McPherson supervised and directed the program's activities and, at some point, directed H.W. to line up at a bench to perform "plyometric exercises" or "jump training." Langston was supervising the athletic drill, and, while H.W. was performing the exercises, he "ordered" her to "jump faster."  As H.W. was trying to comply, she severely injured her left leg.  Before this incident, Wylie and his wife had "had a conference that included McPherson" to discuss a previous injury H.W. had suffered while performing "jump training."  At the conference, Wylie had presented a doctor's note and requested that H.W. not perform the "jump training" anymore.

Appellants filed an unverified, combined answer to Wylie's original petition and plea to the jurisdiction.  Appellants asserted that the trial court lacks subject matter jurisdiction over Wylie's claims because Appellants have statutory immunity under Education Code section 22.0511 and that Appellants have "common law official and governmental immunity" from Wylie's claims under Education Code section 22.051. Appellants also generally denied all of Wylie's allegations and pleaded several affirmative defenses, including that they are statutorily immune from Wylie's claims under Education Code section 22.0511 and that they have "common law official and governmental immunity" from Wylie's claims under Education Code section 22.051.

Wylie filed a response to Appellants' plea to the jurisdiction, arguing that the plea should not be granted. Wylie disputed that Appellants have immunity under the Education Code and "that [Appellants] were employees or volunteers for . . . any educational program associated with any school district or college." Wylie asserted that, instead, his petition stated that the incident occurred in the summer, that the program was not part of the school curriculum, and that the incident was the sole negligence of Appellants "as individuals." Wylie further noted that Appellants made no allegation of insufficient legal capacity under Rule of Civil Procedure 93.

Appellants then filed a brief in support of their plea to the jurisdiction. Appellants attached to and incorporated into their brief the affidavit of the superintendent of Blum ISD, Elsa Scott, as well as the decision of the Commissioner of Education. Appellants again argued that they are immune from Wylie's suit because they have statutory immunity under Education Code section 22.0511. Appellants additionally asserted that if they are being sued in their official capacities, they enjoy the same immunity as Blum ISD and are immune from suit. Finally, Appellants contended that they are entitled to attorney's fees and costs under Education Code section 22.0517.

Wylie filed an objection and reply to Appellants' brief in support of their plea to the jurisdiction. Wylie complained that Appellants' unverified answer and plea to the jurisdiction did not present any defect in his pleading and that, instead, the alleged defect was presented in a supporting brief with affidavits filed after his response. Wylie argued,

"If the courts are to consider pleas to the jurisdiction the same as summary judgments, then the moving party should be required to follow the same requirements and have any evidence that they wish the court to consider to be timely filed." Wylie thus requested that the trial court sustain his objection to Appellants' brief and affidavits as untimely and consider only the pleadings in its ruling.

The trial court denied Appellants' plea to the jurisdiction without explanation and without specifically ruling on Wylie's objection.

**Discussion**

In their first issue, Appellants contend that the trial court erred in denying their plea to the jurisdiction because they are "immune from suit" under Education Code section 22.0511 because "they are professional educators who were acting in their official capacities, performing their duties, and using judgment when [H.W.] injured her knee performing exercises." Appellants also argue within this issue that, if they are being sued in their official capacities, they are immune from suit because they enjoy the same immunity as Blum ISD.[1]

We begin with Appellants' argument that, if they are being sued in their official capacities, they are immune from suit because they enjoy the same immunity as Blum

---

[1] In their brief's table of contents, Appellants appear to have mistakenly stated the following as their first issue: "Blum Independent School District is immune from suit because Appellee Wylie failed to exhaust his administrative remedies." Blum ISD, however, is not a party to this suit, and Appellants have not made any argument to support this contention. Instead, Appellants state in the argument section of their brief that "H.W. actually exhausted administrative remedies by filing a grievance." Accordingly, we overrule this issue to the extent Appellants presented it for review.

ISD. Employees of the State or its political subdivisions may be sued in their official capacities as representatives of the government, in their individual capacities, or in both capacities. *Harless v. Niles*, 100 S.W.3d 390, 395 (Tex. App.—San Antonio 2002, no pet.). As noted by Appellants, Wylie's petition does not expressly state in which capacity Appellants are being sued. In his response to Appellants' plea to the jurisdiction, however, Wylie stated that he disputes whether Appellants were employees or volunteers of any educational program associated with a school district. He also noted in his response that his petition states that the program during which H.W. was injured was not part of the school curriculum and that the incident occurred in the summer and was the sole negligence of Appellants "as individuals." Accordingly, we conclude that Wylie is suing Appellants only in their individual capacities.

We thus turn to Appellants' contention that the trial court erred in denying their plea to the jurisdiction because they are "immune from suit" under Education Code section 22.0511. Certain government employees sued in their individual capacities enjoy statutory immunity under Education Code section 22.0511, which states in relevant part:

> (a) A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX. EDUC. CODE ANN. § 22.0511(a) (West 2012); *see id.* § 22.051(b) (West Supp. 2016) ("The statutory immunity provided by this subchapter is in addition to and does not preempt

the common law doctrine of official and governmental immunity."). Section 22.0511, titled "Immunity from Liability," is an affirmative defense that provides professional school employees immunity from liability for certain actions taken within the scope of their employment. TEX. EDUC. CODE ANN. § 22.0511; *Gonzalez v. Ison-Newsome*, 68 S.W.3d 2, 4 (Tex. App.—Dallas 1999), *pet. dism'd w.o.j. sub nom. Collins v. Ison-Newsome*, 73 S.W.3d 178 (Tex. 2001); *see Rivera v. Port Arthur Indep. Sch. Dist.*, No. 13-14-00214-CV, 2016 WL 1613285, at *7 (Tex. App.—Corpus Christi Apr. 21, 2016, no pet.) (mem. op.).

Immunity from liability and immunity from suit are two distinct principles. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Immunity from suit is a jurisdictional issue and prevents a plaintiff from bringing suit unless immunity is waived. *See State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *Jones*, 8 S.W.3d at 638. In contrast, immunity from liability prevents the recovery of damages even when immunity from suit is waived. *See Lueck*, 290 S.W.3d at 880; *Jones*, 8 S.W.3d at 638. Furthermore, unlike immunity from suit, immunity from liability does not affect a court's jurisdiction to hear a case and cannot be raised in a plea to the jurisdiction. *Lueck*, 290 S.W.3d at 880; *Jones*, 8 S.W.3d at 638; *see Ahmed v. Metro. Transit Auth.*, 257 S.W.3d 29, 31 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("A plea to the jurisdiction challenges the court's subject matter jurisdiction."). Therefore, the trial court did not err in denying Appellants' plea to the

jurisdiction based on Education Code section 22.0511.[2]  We overrule Appellants' first

issue.

In their second issue, Appellants contend that they are entitled to attorney's fees

as a matter of law because they have immunity.  In light of our reasoning and decision

regarding Appellants' first issue, we overrule Appellants' second issue.

Having overruled both of Appellants' issues, we affirm the trial court's

interlocutory order denying their plea to the jurisdiction.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed December 14, 2016
[CV06]



---

[2] We recognize that the nature of a pleading is determined by its substance, not by its format or caption. TEX. R. CIV. P. 71; *Baylor College of Med. v. Tate*, 77 S.W.3d 467, 471 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  We cannot conclude, however, that Appellants were asserting a motion for summary judgment based on immunity from liability and not a plea to the jurisdiction based on immunity from suit.  The content of Appellants' plea to the jurisdiction asserts that the trial court lacks subject matter jurisdiction based on Education Code section 22.0511.