**The STATE of Texas, by and through the TEXAS DEPARTMENT OF TRANSPORTATION, Petitioner,**

v.

**PRECISION SOLAR CONTROLS, INC., Respondent.**

No. 06–0348.

Supreme Court of Texas.

April 5, 2007.

Don Wayne Cruse Jr., Asst. Solicitor Gen., Greg Abbott, Atty. Gen., Barry Ross McBee, Edward D. Burbach, Rafael Edward Cruz, Office of Attorney General, Austin, Christopher M. Swanson, Barron & Adler, Houston, Kent C. Sullivan, First Asst. Atty. Gen., and David S. Morales, Office of Attorney General of Texas, Austin, for Petitioner.

Barry K. Bishop, Clark Thomas & Winters, LLP, Austin, for Respondent.

Michael Leonard Ray Burnett, Shaunessy & Burnett, P.C., Austin, for Other.

PER CURIAM.

The State sued Precision Solar Controls, Inc. for breach of contract, breach of warranty, and quantum meruit, alleging that traffic signal displays made by Precision were defective. Precision denied the State's allegations and counterclaimed for damages for business disparagement. The trial court denied the State's plea to the jurisdiction based on sovereign immunity, and, on the State's interlocutory appeal, the court of appeals affirmed. 188 S.W.3d 364 (Tex.App.-Austin 2006).

The court of appeals relied on our first opinion in *Reata Construction Corp. v. City of Dallas,* which we have since withdrawn and replaced. 197 S.W.3d 371 (Tex. 2006). We held that a governmental entity that brings an action waives immunity from suit for claims that are germane to, connected with, and properly defensive to its action, to the extent of an offset. *Id.* at 373. The State argues that it has not by its action waived immunity for an intentional tort claim like Precision's. Such arguments should be further considered by the lower court in light of *Reata.*

Accordingly, we grant the State's motion for rehearing, withdraw our order denying its petition for review, grant its petition, and, without hearing oral argument, vacate the court of appeals' judgment and remand the case to the trial court for further proceedings. Tex.R.App. P. 59.1.