ACCEPTED
03-15-00252-CV
7019858
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/21/2015 3:29:38 PM
JEFFREY D. KYLE
CLERK

**NO. 03-15-00252-CV**

**In the
Third Court of Appeals
Of Texas**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/21/2015 3:29:38 PM
JEFFREY D. KYLE
Clerk

DR. BEHZAD NAZARI, D.D.S., ET AL

*Appellants*,

v.

THE STATE OF TEXAS

*Appellees,*

v.

ACS STATE HEALTHCARE, LLC

*Appellees.*

On appeal from the 53rd District Court, Travis County, Texas
Cause No. NO. D-1-GV-14-005380

APPELLANTS' REPLY BRIEF

Jason Ray
State Bar No. 24000511
RIGGS & RAY, P.C.
506 West 14th St., Suite A
Austin, Texas 78701
Telephone: (512) 457-9806
Telecopier: (512) 457-9066
*jray@r-alaw.com*

E. Hart Green
Texas Bar No. 08349290
WELLER, GREEN, TOUPS & TERRELL, L.L.P.
Post Office Box 350
Beaumont, Texas 77704-0350
Telephone: (409) 838-0101
Telecopier: (409) 832-8577
*hartgr@wgttlaw.com*

*Attorneys for Appellants Dr. Behzad Nazari, D.D.S., et al*

Oral Argument Requested

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................ ii

TABLE OF AUTHORITIES ..................................................................................... iii

SUMMARY OF THE REPLY ....................................................................................1

REPLY ARGUMENT ................................................................................................2

    I.  Reply to the State's argument that it did not waive sovereign immunity when it brought affirmative claims against the Dental Group. . ..............................................................................................2

    II.  Response to State's argument that the Dental Group's Third Party claims against Xerox cannot be considered in this appeal. .......................................................................................6

        A.  Judicial economy and consistency would be met if this Court opines on the propriety of third party claims, because this is the same issue presented in the similarly postured Xerox proceeding, 03-15-00401-CV. ...........................6

        B.  Xerox is correct; Chapter 33 applies to permit contribution claims. ...............................................................8

CONCLUSION .........................................................................................................9

PRAYER ..................................................................................................................9

CERTIFICATE OF COMPLIANCE ........................................................................12

CERTIFICATE OF SERVICE ................................................................................13

**CASES**

*Bates v. Republic of Texas*,
      2 Tex. 616 (1847) ............................................................................................4

*Gabelli v. SEC*,
      133 S. Ct. 1216 (2013).....................................................................................4

*Guillory v. Port of Houston Auth.*,
      845 S.W.2d 812 (Tex. 1993) ...........................................................................3

*Reata Const. Corp. v. City of Dallas*,
      197 S.W.3d 371 (Tex. 2006) ...........................................................................4

*SEC v. City of Miami*,
      581 F. App'x 757 (11th Cir. 2014)................................................................4,5

*State v. Emeritus Corp.*,
      No. 13-13-00529-CV, 2015 WL 1456436,
      (Tex. App.—Corpus Christi Mar. 26, 2015, pet. filed)................................4,5

*State v. Precision Solar Controls, Inc.*,
      188 S.W.3d 364 (Tex. App.—Austin 2006)....................................................4

*State ex rel. Texas Dept. of Transp. v. Precision Solar Controls, Inc.*,
      220 S.W.3d 494 (Tex. 2007) ........................................................................2,4

**STATUTES**

Texas Civil Practice and Remedies Code Chapter 33 ...............................................8

## SUMMARY OF THE REPLY

It is disturbing to imagine a government that has the power to seek damages for civil wrongdoing, while also avoiding any investigation into its own part in that same alleged wrongdoing. The idea that the State is immune from: 1) compulsory counterclaims, 2) counterclaims that would directly or inferentially rebut the facts upon which its claims are predicated, and/or 3) counterclaims that share common or related core underlying facts is a breathtaking stance. Yet the State's response brief fails to provide any legal support for that position. This Court should not be misled by the State's attempt to fabricate a self-serving "carve-out" that would effectively create a TMFPA superstatute to override the Rules of Civil Procedure, logic, precedent, and due process. This court need only follow *Reata* and the federal analysis for False Claims Act counterclaims to resolve this case.

The Dental Group's third-party claims against Xerox include a claim for contribution, but under a pure Federal False Claims Act analysis those claims would not be permitted. The Dental Group's original brief did not address that category of relief. However, Xerox's response brief accurately speaks to the applicability of Civil Practice and Remedies Code Chapter 33. The Dental Group agrees with Xerox and adopts its briefing on the matter.

**Reply to the State's argument that it did not waive sovereign immunity when it brought affirmative claims against the Dental Group.**

The State's response brief is rooted in two assertions. First, the State claims that it can invoke sovereign immunity as a defensive maneuver to the Dental Groups' counterclaims, while simultaneously asserting affirmative claims for relief on the exact same facts, despite *Reata* and 75 years of case law to the contrary. Second, because its affirmative claims were brought only under the TMFPA, the State claims it retains its immunity "shield" while at the same time wielding the TMFPA "sword" against the Dental Group. Both of these arguments are contrary to precedent.

The State begins its response brief by arguing that *Reata* is not a case that involves a *waiver* of sovereign immunity; the State claims that *Reata* instead relates to the *judicial abrogation* of sovereign immunity that occurs as a result of the State bringing its own claims for relief. That position is a distinction without a difference. Whether this Court categorizes the State's claims as creating "waiver of immunity by conduct,"[1] or producing judicial revocation of the common law doctrine, or forming a bubble of facts upon which immunity cannot exist, the result

---

[1] *State ex rel. Texas Dept. of Transp. v. Precision Solar Controls, Inc.*, 220 S.W.3d 494 (Tex. 2007) ("[In *Reata*,] [w]e held that a governmental entity that brings an action waives immunity from suit for claims that are germane to, connected with, and properly defensive to its action, to the extent of an offset.")

is the same: sovereign immunity is unavailable to the State as a jurisdictional bar on the Dental Groups' claims that are germane to, connected with, and properly defensive to the state's claims.

The State stretches case law to find any statement that, taken in a vacuum, might appear to support its position. None of the cases cited by the State support its argument. The State cites *Guillory v. Port of Houston Auth.*, 845 S.W.2d 812, 814 (Tex. 1993) for its proposition that the Texas Supreme Court has refused to judicially abrogate a government entity's immunity in a proprietary activity vs. non-proprietary activity setting. (State's Br. at 19-20). But the State ignores the overriding fact that *Guillory* was about a conflict between relief available under the Texas Tort Claims Act and federal Maritime law. *Guillory* did not involve the interaction of affirmative claims asserted by the government and related counterclaims asserted by Guillory; *Guillory* was about the scope of a statutory waiver of immunity. *Guillory* was a straight tort action brought against a governmental entity by Guillory. In addition, the Texas Supreme Court's decision in *Guillory* only reformed and limited Guillory's monetary recovery; it did not completely deprive Guillory of his claims and recovery. *Guillory's* facts are so different than the facts here, its usefulness on any relevant legal question is negligible.

Next, the State reaches back 150 years to cite *Bates v. Republic of Texas*, 2 Tex. 616 (1847) for the idea that a right to set-off damages through a crossclaim is barred by immunity. (State's Br. at 20-21, 24). However, in 2006 this Court expressly acknowledged that *Bates* had been abrogated for over 100 years, and that *Anderson* and *Reata* were the controlling cases with regard to counterclaims raised against the State. *See State v. Precision Solar Controls, Inc.*, 188 S.W.3d 364, 367 (Tex. App.—Austin 2006), *order withdrawn* (Apr. 5, 2007), *review granted, judgment vacated sub nom. on other grounds State ex rel. Texas Dept. of Transp. v. Precision Solar Controls, Inc.*, 220 S.W.3d 494 (Tex. 2007) (Supreme Court remanded the case to the trial court for further consideration consistent with *Reata*); *see also Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 376 fn 2 (Tex. 2006) (stating that *Bates* was not in conflict with *Anderson* or *Reata* because *Bates* "involved claims by the defendants for set-offs unrelated to the governmental entities' claims."). The claims at issue here are far from "unrelated."

The State's invocation of *Gabelli v. SEC*, 133 S. Ct. 1216, 1223 (2013), *SEC v. City of Miami*, 581 F. App'x 757, 760 (11th Cir. 2014) and *State v. Emeritus Corp.*, No. 13-13-00529-CV, 2015 WL 1456436, at *10–11 (Tex. App.—Corpus Christi Mar. 26, 2015, pet. filed), also fail to support the State's position in any way. *Gabelli* stands only for the proposition that the government is bound by the statute of limitations when it seeks civil penalties; it does not even imply that there

is a different standard for applying immunity for different sorts of governmental actions. The court in *SEC v. City of Miami* expressly denied official immunity to Miami's budget director when the SEC sought penalties for federal securities fraud; it is difficult to see how a case denying official immunity from Federal claims acts as a bar here, where the State is attempting to assert sovereign immunity to counterclaims. Finally, *State v. Emeritus Corp.* is a decision that turned entirely on the applicability of the Texas Medical Liability Act to a State action under the Deceptive Trade Practices and Assisted Living Facilities Act. The dispute in *Emeritus Corp.* did not in any way involve sovereign immunity or a defendant's counterclaims.

Simply put, the State wishes to ignore *Reata*. The State presents no authority, express or implied, direct or indirect, for its position that the TMFPA is a unilateral weapon. Thus, the State asks that this Court manufacture a completely new standard for determining whether the State can assert sovereign immunity in response to offsetting counterclaims from a defendant. Allowing the State to pursue a civil action without fear of having to address compulsory or related counterclaims from defendants that might provide an offset to the State's claims is a breathtaking departure from precedent and the rules of civil procedure.

**Response to State's argument that the Dental Group's Third Party claims against Xerox cannot be considered in this appeal.**

    **A.    Judicial economy and consistency would be met if this Court opines on the propriety of third party claims, because this is the same issue presented in the similarly postured Xerox proceeding, 03-15-00401-CV.**

The Dental Group agrees with Xerox that this Court should decide Xerox's original proceeding in Cause 03-15-00401-CV in conjunction with this appeal. The Dental Group's second issue is generally the same as Xerox's issue in its original proceeding: namely, does the TMFPA prevent a defendant (either the Dental Group in this case, or Xerox in that case) from bringing third party claims? In its response brief, the State avoids any argument on the merits of this issue. Instead, it argues only that this Court lacks jurisdiction to consider whether the dismissal of the Dental Groups' third party claims was proper.

In considering both this appeal and Xerox's original action, this Court should note the strange procedural posture that the State's actions have created. The State is working to prevent all of the parties from adjudicating these overlapping, intertwined claims in a single proceeding. All three "sides" are claiming the others committed wrongdoing on the same facts:



Under the facts pleaded by the State in both of its fraud suits, the defendants'

justiciable interests are evident. Whether the defendant is the Dental Group in this

case or Xerox in the similarly situated original proceeding 03-15-00401-CV, the

defendants seek to reveal all of the interrelated facts and relationships in each of

their respective cases so that the culpable party(s) can be held accountable.   The

defendants also seek to prevent the State from taking inconsistent positions against

the defendants.

The State is pursuing recovery of the **same** "tens of millions of dollars" from

both the Dental Group and the defendant Xerox, even as the State demands that the

cases be tried separately.  The Dental Group's justiciable interests are obvious. The

relationship between the dentists, the State, and Xerox is a nearly perfect tripartite arrangement. In the interest of judicial economy, consistency (especially relating to disparate rulings on discovery and dispositive motions) and overall justice, all of the parties' claims regarding medical necessity and proportionate party responsibility should be determined with an acknowledgement that rulings with regard to any one party's claims affect all of the parties.

**B.  Xerox is correct; Chapter 33 applies to permit contribution claims.**

Xerox's response brief correctly states that the Dental Group assumed that because contribution claims are not permitted under the Federal False Claims Act, such claims were also unavailable under Texas law. Upon further research and review, the Dental Group agrees that Texas Civil Practice and Remedies Code Chapter 33 permits a right to contribution or indemnity under the facts of this case. Rather than copy that argument in this reply brief, the Dental Group adopts and incorporates Xerox's briefing on the law under Tab F of Xerox's response brief.

Xerox is incorrect when it claims that none of the Dental Group's claims sound in contribution. The Dental Group expressly made a claim for contribution in paragraph 31 of its answer (CR 40). Therefore, Xerox's claim for contribution from the Dental Group in 03-15-00401-CV is mirrored by the Dental Group's contribution claim in this case.

In sum, the Dental Group adopts Xerox's legal analysis regarding Chapter 33's application to this case. The Dental Group made, *inter alia,* a contribution claim against Xerox, so that argument is relevant and applicable to this appeal. But whether Chapter 33 applies to permit contribution claims does not prevent, and will not change, an application of the federal False Claims Act framework for permitting third party claims. All of the Dental Group's third party claims against Xerox are expressly permitted under the federal analysis (fraud, conspiracy, breach of contract, negligence, gross negligence) and/or Chapter 33 (contribution).

## CONCLUSION

The Dental Group and Xerox simply want judicial consistency and economy, and the opportunity to present all of the facts that relate to the State's claims. The idea that the Dental Group can be barred from bringing compulsory and defensive counterclaims/third-party claims is abhorrent to the concepts of due process and judicial economy.

## PRAYER

Appellants pray this court:

1) reverse the trial court order granting the State's Plea to the Jurisdiction so that the Appellants' claims against the State may proceed in this case, and

2) reverse the trial court order granting the State's Motion to Dismiss so that the Appellants' claims against the third party Xerox may proceed in this case, or

3) in the alternative, reverse the trial court's grant of the Motion to Dismiss the Appellants' third party claims, and instruct the court to sever the Appellants' third party claims against Xerox into a different cause.

_____
Jason Ray
RIGGS & RAY, P.C.
504 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (512) 457-9806
Facsimile: (512) 457-9866
jray@r-alaw.com

E. Hart Green
Mitchell A. Toups
WELLER, GREEN, TOUPS & TERRELL, L.L.P.
Post Office Box 350
Beaumont, Texas 77704-0350
Telephone: (409) 838-0101
Telecopier: (409) 832-8577
hartgr@wgttlaw.com
matoups@wgttlaw.com
**ATTORNEYS FOR DR. BEHZAD NAZARI, D.D.S. D/B/A ANTOINE DENTAL CENTER, DR. BEHZAD NAZARI, HARLINGEN FAMILY DENTISTRY, P.C. A/K/A PRACTICAL BUSINESS SOLUTIONS, SERIES LLC, JUAN D. VILLARREAL D.D.S.,**

**SERIES PLLC D/B/A HARLINGEN FAMILY DENTISTRY GROUP, DR. JUAN VILLARREAL, RICHARD F. HERRSCHER, D.D.S., M.S.D., P.C., DR. RICHARD F. HERRSCHER, M & M ORTHODONTICS, PA, DR. SCOTT MALONE, DR. DIANA MALONE, MICHELLE SMITH, NATIONAL ORTHODONTIX, MGMT., PLLC, DR. JOHN VONDRAK, RGV SMILES BY ROCKY SALINAS, D.D.S. PA, AND DR. ROCKY SALINAS.**

I certify that this Brief complies with TRAP Rule 9.4 and contains 2,062

words in Times New Roman typeface of 14-point.

_____
Jason Ray

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Response to Request for Disclosure was served via e-mail and e-service on the 21st day of September, 2015 on the following:

*Counsel for Plaintiff State of Texas*

Raymond C. Winter
Chief, Civil Medicaid Fraud Division
Reynolds B. Brissenden
Assistant Attorneys General
**Office of the Attorney General**
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-1709
Facsimile: (512) 936-0674
E-mail: raymond.winter@texasattorneygeneral.gov
E-mail: reynolds.brissenden@texasattorneygeneral.gov

*Counsel for Xerox Corporation, et al.*

Robert C. Walters
**Gibson, Dunn, & Crutcher, LLP**
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
E-mail: RWalters@gibsondunn.com

W. Curt Webb
Constance H. Pfeiffer
**Beck Redden, LLP**
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
E-mail: cwebb@beckredden.com
E-mail: cpfeiffer@beckredden.com

Eric J. R. Nichols
Christopher R. Cowan
**Beck Redden, LLP**
515 Congress Avenue, Suite 1750
Austin, Texas 78701
Telephone: (512) 708-1000
Facsimile: (512) 708-1002
E-mail: enichols@beckredden.com
E-mail: ccowan@beckredden.com

*Counsel for Defendants/Third-Party Plaintiffs*

E. Hart Green
Mitchell A. Toups
**WELLER, GREEN, TOUPS & TERRELL, L.L.P.**
Post Office Box 350
Beaumont, Texas  77704-0350
Telephone:  (409) 838-0101
Facsimile:  (409) 832-8577
E-mail:  hartgr@wgttlaw.com
E-mail:  matoups@wgttlaw.com
*Counsel for Defendants*

Richard B. Pecore
**LILES PARKER, PLLC**
3400 N. McColl Rd., Suite F-35
McAllen, Texas 78501
Telephone:  (202) 298-9750
Facsimile:  (202) 337-5804
E-mail: rpecore@lilesparker.com
*Counsel for RGV Smiles by Rocky Salinas, DDS PA,*
*and Dr. Rocky Salinas*

Robert M. Anderton
**Law Offices of Hanna & Anderton**
900 Congress Avenue, Suite 250
Austin, Texas 78701
Telephone:  (512) 477-6200
Facsimile:  (512) 477-1188
E-mail:  andertonr@msn.com
*Counsel for Richard F. Herrscher, DDS,*
*MMSC, PC and Dr. Richard F. Herrscher*

J.A. "Tony" Canales
**CANALES & SIMONSON, P.C.**
2601 Morgan Ave.
P.O. Box 5624
Corpus Christi, Texas  78465-5624
Telephone:  (361) 883-0601
Facsimile:  (361) 884-7023
E-mail:
tonycanales@canalessimonson.com
*Counsel for M&M Orthodontics, P.A.,*
*Dr. Scott Malone, Dr. Diana Malone,*
*Michelle Smith, National Orthodontix*
*Mgmt., PLLC and Dr. John Vondrak*

Oscar X. Garcia
**Law Offices of Oscar X. Garcia**
302 Kings Highway, Suite 112
Brownsville, Texas  78521
Telephone:  (956) 554-3000
Facsimile:  (956) 554-3248
E-mail:  oxgarcia@aol.com
*Counsel for Dr. Vivian Teegardin*

Philip H. Hilder
William B. Graham
**Hilder & Associates, PC**
819 Lovett Boulevard
Houston, Texas  77006
Telephone: (713) 234-1416
Facsimile: (713) 655-9112
E-mail: philip@hilderlaw.com
E-mail: will@hilderlaw.com
*Counsel for Dr. Wael Kanaan*

_____
Jason Ray